# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JO ANNA CANZONERI,
JOHN DOE, filed as John Does 1-1000, and
JANE DOE, filed as Jane Does 1-1000,

        Plaintiffs,

  v.                                      Case No. 08-CV-468

GEORGE W. BUSH, USA,
UNITED STATES HOUSING AND URBAN DEVELOPMENT (HUD),
PLAZA SQUARE APARTMENTS, URBAN DEVELOPERS LLC,
ABDULHAMID SHAIKH, an Individual,
ABDULHAMID SHAIKH, a Business Entity,
EUGENE KHAVINSON, KHAVINSON AND ASSOCIATES,
MICHAEL R. BLOOMBERG, NEW YORK CITY MAYOR OFFICE,
NEW YORK CITY HOUSING AUTHORITY (NYCHA),
ELIOT L. SPITZER, STATE OF NEW YORK,
GEORGE E. PATAKI, SIDNEY DEXTER, ALPHONSO JACKSON,
JOHN DOE, sued as John Does 1-1000,
UNKNOWN, sued as John Does Companys 1-1000,
JANE DOE, sued as Jane Does 1-1000,
UNKNOWN, sued as John Does Corporations 1-1000,

        Defendants.

_____

# ORDER

On May 28, 2008, pro se plaintiff, Jo Anna Canzoneri, who lists her addresses as Alhambra, California, and Brooklyn, New York, filed a complaint alleging claims of breach of contract, negligence, intentional tort, and fraud against the defendants. In connection with her complaint, the plaintiff filed a motion to proceed in forma pauperis.

Title 28 U.S.C. § 1915 is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324

(1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action and still be able to provide for "the necessities of life." *Adkins*, 335 U.S. 331, 339 (1948). Here, the plaintiff's petition for leave to proceed in forma pauperis is incomplete. The plaintiff indicates that she is employed and that her total monthly income amounts to approximately $500, but she does not indicate the amount of her monthly expenses. More importantly, however, it is readily apparent that the plaintiff's complaint lacks merit as required by 28 U.S.C. § 1915(e)(2)(B).

The U.S. Supreme Court in *Neitzke* noted that a litigant proceeding in forma pauperis whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke*, 490 U.S. at 324. To prevent such abusive or captious litigation, 28 U.S.C. § 1915(e)(2)(B) directs federal courts to analyze the claims advanced in the plaintiff's complaint and dismiss them if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* at 324; 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The federal in forma pauperis statute, 28 U.S.C. § 1915, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. An

action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In the instant case, the plaintiff's complaint is difficult, if not impossible, to understand; however, it is clear that the complaint does not satisfy all the § 1915(e)(2)(B) requirements. The plaintiff's complaint appears to refer to out-of-state real estate transactions. Even giving the plaintiff's complaint a generous interpretation, it is readily apparent that there is no rational basis for the complaint to have been filed in this judicial district. A PACER search by the court discloses that Ms. Canzoneri has become quite the prodigious *pro se* litigator in federal court. To be sure, she has recently filed all but identical actions in seven other jurisdictions.[1] The plaintiff's allegations "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. When a complaint contains factually baseless claims, such as those "describing fantastic or delusional scenarios," a district court

---

[1]*See:*
*Jo Anna Canzoneri v. Bush, et al*, 08-CV-00245, D.Haw. (filed 5/23/08, Judge Gillmor);
*Jo Anna Canzoneri v. Bush, et al*, 08-CV-00312, N.D.Okla. (filed 5/23/08, Judge Kern);
*Jo Anna Canzoneri v. Bush, et al*, 08-CV-00318, M.D.La. (filed 5/27/08, Judge Polozola);
*Jo Anna Canzoneri v. Bush, et al*, 08-CV-00319, M.D.La. (filed 5/27/08, Judge Tyson;
*Jo Anna Canzoneri v. Bush, et al*, 08-CV-00751, E.D.Mo. (filed 5/27/08, Judge Hamilton);
*Jo Anna Canzoneri v. Bush, et al*, 08-CV-00925, N.D.Ala. (filed 5/28/08, Judge Hancock, dismissed 6/2/08);
*Jo Anna Canzoneri v. Bush, et al*, 08-CV-01776, S.D.Tex. (filed 5/30/08, Judge Hoyt); and,
*Jo Anna Canzoneri v. Bush, et al,* 08-CV-21563, S.D.Fla. (filed 6/2/08, Judge Altonaga).

More significantly, the apparent lack of merit in Canzoneri's claims lies in the fact that in October 2007 she filed a similar action in the Eastern District of New York which was dismissed on December 26, 2007, for failure to prosecute after failing to provide the court with the benefit of sufficient factual detail in support of her allegations. *Canzoneri v. Magnolia Plaza Apartments, et al*, 07-CV-4607, E.D.N.Y. (Judge Dearie).

can properly deny a plaintiff leave to proceed. *Neitzke*, 490 U.S. at 328. As such, under § 1915(e)(2)(B)(i), the plaintiff's suit must be dismissed.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #3) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for writ of attachment and temporary protective order (Docket #5) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that the plaintiff's motion to stay (Docket #6) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that the plaintiff's complaint (Docket #1) be and the same is hereby **DISMISSED** without prejudice.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of June, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge